JAMES R. FELTON, ESQ. (State Bar No. 138767)
jfelton@gblawllp.com
MICHAEL J. CONWAY, ESQ. (State Bar No. 180604)
mconway@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Plaintiff
County of Riverside on behalf of Riverside University Health System

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COUNTY OF RIVERSIDE ON BEHALF OF RIVERSIDE UNIVERSITY HEALTH SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.<br><br>Defendants. | **CASE NO.: 2:24-cv-10793-SPG-MAR**<br><br>**JUDGE:** Sherilyn Peace Garnett<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL J. CONWAY**<br><br>**CTRM:** Courtroom 5C<br>**DATE:** March 26, 2025<br>**TIME:** 1:30 p.m. |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on March 26, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Courtroom 5C, in the Courtroom of the Honorable Sherilyn Peace Garnett, Plaintiff County of Riverside on behalf of Riverside University Health System will and hereby does move the Court for an order remanding this case back to the Los Angeles County Superior Court. This motion is brought on the grounds that the U.S. District Court lacks subject matter jurisdiction.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Michael J. Conway filed concurrently herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of hearing.

The parties did participate in a zoom conference as well as multiple emails regarding their respective positions regarding the motion. The parties "thoroughly discussed the substance and potential resolution of the filed motion by videoconference with the case citations as provided in multiple emails. These exchanges are more particularly described in the declaration of Michael J. Conway filed concurrently herewith.

DATED: February 24, 2025 G&B LAW, LLP

By: ______________________
JAMES R. FELTON, ESQ.
MICHAEL J. CONWAY, ESQ.
Attorneys for Plaintiff
County of Riverside on behalf of
Riverside University Health System

G&B LAW

# TABLE OF CONTENTS


**I. INTRODUCTION** .......... 1

**II. STATEMENT OF FACTS** .......... 1

**III. ARGUMENT** .......... 3

**A. Removal Is Improper Because the Hospital's Complaint Does Not Assert a Claim Involving a Federal Question.** .......... 3

**B Removal Is Improper Because a Federal Court Does not have Subject Matter Jurisdiction Over State Common Law Claims.** .......... 4

**C. ERISA Does Not Preempt the Hospital's State Common Law Claims.** .......... 4

**i. The Hospital's State Law Claims Are Not Completely Preempted Under ERISA.** .......... 6

**ii. Conflict Preemption Does Not Apply to the Hospital's State Law Claims.** .......... 8

**IV. CONCLUSION** .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bd. of Trs. v. Siemers*,
No. C-10-0731 EMC, 2010 U.S. Dist. LEXIS 44784 (N.D. Cal. May 6, 2010) .......... 7

*Bell v. Blue Cross of California*,
131 Cal. App. 4th 211 (2005) .......... 8

*Blue Cross v. Anesthesia Care Assoc. Med. Group, Inc.*,
187 F.3d 1045 (9th Cir. 1999) .......... 8

*Cal. Div. of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.*, 519 U.S. 316 (1997) .......... 8

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987) .......... 3

*Catholic Healthcare West-Bay Area v. Seafarers Health and Benefits Plan*,
No. 07-15281, 2008 U.S. App. LEXIS 26734, 2008 WL 4951648 (9th Cir. Nov. 18, 2008) .......... 4, 5, 6

*Cedars-Sinai Medical Center v. National League of Postmasters*,
497 F.3d 972 (9th Cir. 2007) .......... 12

*Duncan v. Stuetzle*
76 F.3d 1480 (9th Cir. 1996) .......... 3

*Ethridge v. Harbor House Restaurant*,
861 F.2d 1389 (9th Cir. 1988) .......... 3

*Gully v. First Nat'l Bank*,
299 U.S. 109 (1936) .......... 3

*Hoag Memorial Hospital v. Managed Care Administrators*,
820 F. Supp. 1232 (C.D. Cal. 1993) .......... 9, 10, 11, 12

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
143 F.3d 1006 (5th Cir. 1998) .......... 4

G&B LAW

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) .......... 4

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) .......... 4

*Cal. ex rel. Lockyer v. Dynegy, Inc.*, Nos. 02-16619, 02-16625, 02-16629, 03-15588, 2004 U.S. App. LEXIS 22531 (9th Cir. July 6, 2004) .......... 3

*Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009) .......... 4, 5, 6, 7

*Memorial Hospital System v. Northbrook Life Insurance Co.*, 904 F.2d 236 (5th Cir. 1990) .......... 10

*Morris B. Silver M.D., Inc. v. International Longshore & Warehouse*, 2 Cal. App. 5th 793 (2016) .......... 11

*Providence Health Plan v. McDowell*, 358 F.3d 1168 (9th Cir. 2004) .......... 8

*Stockman v. Federal Election Comm'n*, 138 F.3d 144 (5th Cir. 1998) .......... 4

*The Meadows v. Employers Health Insurance*, 47 F.3d 1006 (9th Cir. 1995) .......... 7, 12

**Statutes**

28 U.S.C. §§ 1331, 1332 .......... 2, 4

28 U.S.C. § 1441, 1331 .......... 3

29 U.S.C. § 1132(e)(1) .......... 2

29 U.S.C. § 1144(a) .......... 2

California Civil Code § 1621 .......... 8

code § 17200 *et seq* .......... *passim*

Employee Retirement Income Security Act of 1974 .......... 1

ERISA .......... *passim*

G&B LAW

ERISA § 502(a)(1)(B) ........................................................................................ 6, 7

ERISA Section 520(a), 29 U.S.C. §1132(a) ........................................................................ 8

Federal Employee Health Benefits Act ................................................................................ 11

G&B LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should remand this case back to State Court for lack of subject matter jurisdiction. Defendants Cigna Health and Life Insurance Company and Cigna Healthcare of California, Inc. ("Defendants") erroneously removed the case to Federal Court on the ground of Employee Retirement Income Security Act of 1974 ("ERISA"). However, the Complaint filed by Plaintiff County of Riverside on behalf of Riverside University Health System ("Plaintiff" or "Hospital") states only state law causes of action. In multiple controlling precedents, the Ninth Circuit held that the ERISA statute does not preempt a plaintiff's state law claims for breach of implied-in-fact contract, quantum meruit, and open book account, such as those asserted by the Plaintiff in this matter.

The Hospital's state law causes of action do not "relate to" an ERISA plan. Rather, the Hospital's state law claims are based on Defendant's conduct and communications with the Hospital that do not implicate the ERISA plan's relationship with its beneficiary. Thus, the matter should be remanded to Riverside County Superior Court.

## II. STATEMENT OF FACTS

This case is a dispute over the underpayment of hospital services. Plaintiff provided expressly and/or impliedly authorized hospital services to nine (9) patients covered by Defendant. The total billed charges and reasonable value of the medically necessary services provided to the patients is $2,042,456. Defendant only paid Plaintiff, and/or identified as patient responsibility, a total of $562,349. Defendant failed to pay Plaintiff the reasonable value for the services provided to the patients covered by Defendants' health plan.

The complaint alleges state law causes of action for breach of implied-in-fact contract, unfair business practices (violation of business and professional code § 17200 *et seq*., quantum meruit, account stated, and unjust enrichment. For each of the patients at issue, the Hospital (1) notified Defendants of the patients' admission or treatment at the

Hospital; and/or (2) requested authorization to treat the patients; and/or the services were emergent and prior authorization was not necessary. Defendant verified each patient's eligibility and benefits, and either provided authorization for the services or informed Plaintiff that authorization was not required.

For each of the patient claims at issue, Defendants either authorized the services and did not indicate in any way that they would not cover the patients' medical expenses, or the services were emergent and authorization was not required. Complaint ¶ 29, 31, 39 & 40. The Hospital reasonably understood the Defendants' actions to constitute express and/or implied requests that the Hospital provide services to the Patients and an agreement by Defendants to pay the Hospital for such services at a reasonable rate. Complaint ¶ 41 & 42. In doing so, Defendants agreed to pay the Plaintiff the reasonable value of services rendered, which is 100% of billed charges. *Id*. The Defendants' conduct gave rise to implied-in-fact agreements between the Hospital and Defendants, obligating Defendants to pay for the care and treatment rendered to the Patients. Complaint ¶ 42. The Hospital treated the patients in reliance on Defendants' implied and/or express promises to reimburse the Hospital the reasonable value of the services rendered. The Hospital rendered services according to the implied-in-fact agreements, and Defendants breached the agreements by underpaying the Hospital by a least $1,473,955.81. Complaint ¶ 47.

Accordingly, on November 12, 2024, the Hospital filed suit against Defendants in Los Angeles County Superior Court, case number 24NNCV05758. On December 13, 2024, Defendant filed a Notice of Removal improperly asserting: "Because this action involves a claim to recover the costs of medical services provided to participants of employee health benefit plans and those claims are completely preempted by ERISA, this Court has concurrent original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331, 29 U.S.C. § 1144(a), and 29 U.S.C. § 1132(e)(1)."

However, Plaintiff's Complaint contains no allegations that Plaintiff obtained an assignment of benefits from the Patients. Nor does the Complaint allege that Plaintiff is pursuing ERISA plan benefits pursuant to any assignment from the Patients.



G&B LAW

## III. ARGUMENT

A defendant may remove only those state court actions that could have originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The statute allowing removal "is strictly construed against removal jurisdiction." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, Nos. 02-16619, 02-16625, 02-16629, 03-15588, 2004 U.S. App. LEXIS 22531, at *13 (9th Cir. July 6, 2004). Any doubt as to the applicability of federal question jurisdiction is resolved in favor of remand. *Duncan v. Stuetzle* 76 F.3d 1480, 1485 (9th Cir. 1996). The party invoking the removal statute bears the burden of proving the claims arise "under the Constitution, laws, or treaties of the United States". 28 U.S.C. § 1441, 1331; *Cal. ex rel. Lockyer v. Dynegy, Inc.*, at *13. Here, Defendants have wholly failed to prove the Hospital's state law causes of actions are preempted under ERISA.

### A. Removal Is Improper Because the Hospital's Complaint Does Not Assert a Claim Involving a Federal Question.

As a threshold matter, the "well-pleaded" complaint rule provides that federal jurisdiction only exists where there is a federal question "on the face of the plaintiff's properly pleaded complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1394 (9th Cir. 1988). This rule allows the Plaintiff to become "the master of the claim" in avoiding federal jurisdiction by exclusive reliance on state law. *Id.* Indeed, the answer and petition for removal cannot help form the basis for federal jurisdiction. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) (citations omitted).

No federal question exists on the face of Plaintiff's complaint for damages. The complaint alleges causes of action for breach of implied-in-fact contract, breach of implied-in-law contract, unfair business practices (violation of Business & Professions Code § 17200 *et seq.*), quantum meruit, and restitution based on quasi-contract/unjust enrichment based on Defendants' conduct and communications relating to the treatment of the Patients.

///

///

G&B LAW

### B **Removal Is Improper Because a Federal Court Does not have Subject Matter Jurisdiction Over State Common Law Claims.**

A Federal Court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A Federal Court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the Court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir. 2001).

Here, the Plaintiff's claims are only asserting state common law claims. In addition, there is no complete diversity of citizenship between the parties. Therefore, the instant matter does not meet either the diversity or federal question requirement.

### C. **ERISA Does Not Preempt the Hospital's State Common Law Claims.**

Ninth Circuit case law addressing ERISA preemption recognizes a hospital provider's right to assert state law causes of action against a defendant that is an ERISA plan and finds that such state law causes of action are <u>not preempted</u>. *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 943 (9th Cir. 2009) (finding state law claims for breach of contract, negligent misrepresentation, quantum meruit and estoppel not preempted by ERISA and remanding to state court); *Catholic Healthcare*

*West-Bay Area v. Seafarers Health and Benefits Plan*, No. 07-15281, 2008 U.S. App. LEXIS 26734, 2008 WL 4951648, at *1 (9th Cir. Nov. 18, 2008) (finding the plaintiff hospital's state law claims against an ERISA plan for breach of implied contract, negligent misrepresentation, estoppel, quantum meruit, and a common count for services rendered were not preempted).

In *Marin General Hospital*, the plaintiff hospital sought reimbursement for a lumbar infusion procedure provided to a patient covered by the defendant. *Marin General Hosp.*, 581 F.3d at 943. Prior to rendering the services, the defendant orally verified the patient's coverage and authorized the treatment. *Id.* The plaintiff's complaint asserted causes of action for breach of implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel. *Id.* at 944. The Ninth Circuit found that these state law causes of action are not preempted by ERISA and remanded the case to state court. *Id.* at 950.

In *Catholic Healthcare,* the plaintiff medical center sought reimbursement for healthcare services provided to a patient covered by the defendant. *Catholic Healthcare*, 2008 U.S. App. LEXIS 26734, at *1. The plaintiff's complaint asserted causes of action for breach of implied contract, negligent misrepresentation, quantum meruit, estoppel, and the common count of indebitatus assumpsit. *Id.* The Ninth Circuit reasoned:

> The Complaint does not mention an assignment and does not predicate its alleged right to recovery on any assignment. Rather, the Complaint asserts claims based on a direct contractual relationship that arose between St. Mary's and Seafarers and misrepresentations made to St. Mary's by Seafarers. None of these claims rest on the assignment of benefits under an ERISA plan, the claims are based on independent state law, and the dispute involves a contract and representations made between a third party provider and a plan--a relationship that is not governed by ERISA.

*Id.* at 564. The Ninth Circuit found that these state law causes of action are not preempted by ERISA and remanded the case to state court. *Id.*

Here, the Hospital asserts state law causes of action for breach of implied-in-fact contract, unfair business practices (violation of business and professional code § 17200 et seq.), quantum meruit and restitution based on quasi-contract/unjust enrichment which are state law causes of action like those that the Ninth Circuit held were not preempted by ERISA in *Marin General Hospital*. Like the plaintiff hospital in *Catholic Healthcare*, here, the Hospital does not rely on any assignment of benefits. Rather, the Hospital state law causes of action for breach of implied contract and quantum meruit are the same as those causes of action the Ninth Circuit held not preempted by ERISA in *Catholic Healthcare*.

The Hospital's claims are based on state law causes of action unrelated to the ERISA plan and therefore should be remanded.

**i. The Hospital's State Law Claims Are Not Completely Preempted Under ERISA.**

As stated by the Ninth Circuit, a claim is completely preempted by ERISA only if the following two requirements are met: "(1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin General Hospital, supra*, 581 F.3d at 945-947 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). If both conditions are not met, the Hospital's state law claims are not preempted. *Marin General Hospital*, *supra*, 581 F.3d at 947. As further explained below, the Hospital's claims are not completely preempted under §502(a).

As to the first prong, the Hospital's complaint does not assert claims that could be brought under ERISA § 502(a)(1)(B), because the Hospital is neither a beneficiary nor participant of the ERISA plan. The Hospital is not a "beneficiary" who has standing to sue under ERISA. The complaint does not set forth any factual allegation that the Hospital obtained an assignment of benefits from the Patient. The Hospital's independent state law causes of action are based on its own rights with respect to the Defendants under applicable statutory and common law governing torts and contracts; such claims are not



G&B LAW

a civil action under §502(a)(1)(B). Furthermore, the Hospital is not suing as an assignee to recover benefits under the ERISA plan. Because this first prong is not satisfied, the Hospital's claims are not completely preempted by ERISA, as a matter of law.

The second prong for complete preemption also is not satisfied. As stated by the Ninth Circuit in *Marin General Hospital*, *supra*, 581 F.3d at 950:

> Under [the second] prong, we ask only whether "there is no other independent legal duty that is implicated" by a defendant's actions. … **The question under the second prong of Davila is whether the complaint relies on a legal duty that arises independently of ERISA.** [Emphasis added.]

ERISA does not preempt "claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an *independent* entity claiming *damages*." *The Meadows v. Employers Health Insurance*, 47 F.3d 1006, 1008 (9th Cir. 1995) (emphasis in original). Here, the Hospital's claims for breach of implied-in-fact contract, breach of implied-in-law contract, unfair business practices (violation of business and professional code § 17200 et seq.), quantum meruit and restitution based on quasi-contract/unjust enrichment are independent because they are in no way based on an obligation under an ERISA plan, and would exist whether or not an ERISA plan existed.

Courts in the Ninth Circuit have held that:

> There is no ERISA preemption where 'a plan operates just like any other commercial entity -- for instance, the relationship between the plan and its own employees, or the plan and its insurers or creditors, or the plan and the landlords from whom it leases office space.' Therefore, to determine whether there is preemption of a state law claim, a court must ask whether the claim 'reaches a relationship that is already regulated by ERISA.'

*Bd. of Trs. v. Siemers*, No. C-10-0731 EMC, 2010 U.S. Dist. LEXIS 44784, at *6 (N.D. Cal. May 6, 2010) (quoting *General Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993)).

The relationship between providers and ERISA plans and between providers and ERISA plan beneficiaries is not one of the relationships traditionally governed by ERISA. Defendants are bound by the implied agreement with the Hospital to the same extent that Defendants would be bound by a written or implied contract with a copier leasing company. Such agreements are governed by state law and are not preempted by ERISA.

Specifically, California Civil Code § 1621 recognizes the creation of implied in fact contracts. ("An implied contract is one, the existence and terms of which are manifested by conduct."); *see Bell v. Blue Cross of California*, 131 Cal. App. 4th 211, 214 (2005) (finding providers are "free to pursue…theories of recovery to secure the reasonable value of their serviced based on common law theories of breach of contract and quantum meruit."). California law recognizes causes of action for quantum meruit.

Neither requirement necessary to establish complete preemption is satisfied by the Hospital's claims in this matter. Therefore, Section 520(a) of ERISA, 29 U.S.C. §1132(a) cannot form a basis of removal in this case.

**ii. Conflict Preemption Does Not Apply to the Hospital's State Law Claims.**

Conflict preemption under Section 514(a) is similarly inapplicable to the causes of action alleged in the Hospital's complaint. In order for conflict preemption under §514(a) to apply as a defense, the cause of action must "relate to" an ERISA plan. A cause of action relates to an ERISA plan, if it "[1] has a connection with or [2] reference to such a plan." *Cal. Div. of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.*, 519 U.S. 316, 324 (1997); *Blue Cross v. Anesthesia Care Assoc. Med. Group, Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999).

To determine whether a claim "has a 'connection with' an employee benefits plan, courts in [the Ninth C]ircuit use a relationship test. Specifically, the emphasis is on the genuine impact that the action has on a relationship governed by ERISA, such as the relationship between the plan and a participant." *Providence Health Plan v. McDowell*, 358 F.3d 1168, 1172 (9th Cir. 2004). Here, the Hospital's claims do not reference an

G&B LAW

ERISA plan because they do not act immediately and exclusively upon an ERISA plan and the existence of an ERISA plan is not essential to the law's operation.

*Hoag Memorial Hospital v. Managed Care Administrators*, 820 F. Supp. 1232 (C.D. Cal. 1993) is instructive. In this case, the plaintiff Hoag Memorial Hospital contacted the defendants, including an ERISA plan and plan administrator, to verify that a patient – who was injured while drinking and driving – was insured and that the hospital would receive payment for its services.

> Defendants allegedly assured Plaintiff that [the patient] Blaes was covered and that Plaintiff would receive the policy benefits. It is further alleged that at no time did Defendants tell Plaintiff that: (1) Blaes' right to receive benefits was subject to forfeiture or reduction; (2) Blaes' coverage was contingent upon further investigation of facts; and (3) Defendants would conduct a post-claim investigation to determine the availability of benefits to Blaes. If Defendants had made such representations, Hoag would have either transferred Blaes to another medical facility or sought reimbursement from other sources. Hoag claims that based on Defendants' assurances of coverage, it admitted Blaes and provided the necessary treatment.

*Id.* at 1233. Ultimately, the defendants denied the hospital's claim for plan benefits based on a plan exclusion from coverage for injuries arising from illegal activities – namely, drunk driving. The hospital filed a lawsuit asserting state law claims in state court and the defendants removed.

The district court rejected the defendants' contention that the plaintiff hospital's state law claims for fraud and deceit, negligent misrepresentation, and estoppel claims "related to" the ERISA plan; thus the district court found the state law claims were <u>not</u> preempted by ERISA. *Id.* at 1234-1235. The district court explained:

> Plaintiff is not an ERISA plan participant or beneficiary who is seeking to recover for improper processing of a claim for plan benefits or for breach of contract. . . . Rather, Plaintiff is a third-party health care provider suing to recover on an



G&B LAW

> independent obligation of the Plan to pay for care and treatment that was created when the Plan Administrator allegedly represented to the health care provider that the participant, Blaes, was covered. Thus, contrary to the Defendants' argument, this suit does not involve the administration of the Plan.

The district court in *Hoag* found persuasive the following reasoning of the Fifth Circuit in *Memorial Hospital System v. Northbrook Life Insurance Co.*, 904 F.2d 236, 246 (5th Cir. 1990):

> **In effect, when insurance companies and plan administrators verify coverage to third-party health care providers, they are creating an independent obligation of the plan to pay for the services rendered in reliance thereon**. In this sense, the case cannot be divorced from the commercial realities and consequences of the scenario that it presents. Indeed, these factors provided in part the basis for the Fifth Circuit's decision in *Memorial Hospital*…**Thus, if a plan administrator or insurance company unqualifiedly verifies coverage to a health care provider, it should realize that either it is consenting to the payment of plan benefits or it should "accept [the] consequences for a false representation of coverage that the provider reasonably relied upon."**

*Hoag* at 1236, citing *Memorial Hospital*, 904 F.2d at 246 (emphasis added). The district court thus concluded:

> While the power of ERISA's preemptive provision is indeed strong, its sweep should not be allowed to ensnarl the claims of a non-ERISA entity suing under state law not to recover benefits under the terms of the plan but rather to recover for misrepresentations that it would be paid those benefits. Insurance companies and plan administrators must recognize the implications of their unqualified verifications of coverage. **When they assure third-party health care providers that the plan will pay for the cost of the care and treatment provided, they are creating independent obligations of the plan**. Insurance companies and ERISA



G&B LAW

plans should not be immunized from suit for their careless or erroneous misrepresentations of coverage.

*Hoag* at 1238-1239.

The Second Appellate District of the California Court of Appeal applied the same *Memorial Hospital* and *Hoag* analysis to the state law cause of action for quantum meruit. *Morris B. Silver M.D., Inc. v. International Longshore & Warehouse*, 2 Cal. App. 5th 793, 806-807 (2016). The appellate court concluded:

> The gravamen of Silver's causes of action for breach of oral contract, quantum meruit and promissory estoppel is that the Plan orally agreed to pay Silver for health care services in the specified amounts, authorized the provision of those services and then failed to pay as agreed. **Although Silver has not asserted a cause of action for negligent misrepresentation, its claims are indistinguishable from those found not to be preempted by Memorial Hospital and those courts that have applied the two-part Memorial Hospital test.** Like those cases, Silver's three contract/quasi-contract causes of action do not address an area of exclusive federal concern. Silver is not, as the Plan argues, seeking compensation for the Plan's decisions to deny coverage under the terms of an ERISA plan; **its alleged right to reimbursement does not depend on the Plan's terms. Rather, the claims are predicated on a garden-variety failure to make payment as promised for services rendered**. To be sure, the claims would not exist but for an ERISA plan and are predicated on somebody's interpretation of the plan. But the fact an ERISA plan is an initial step in the causation chain, without more, is too remote of a relationship with the covered plan to support a finding of preemption. *Id.*

The Ninth Circuit has cited the court's ruling in *Hoag* with approval, stating: "The district court's holding in *Hoag* that third-party claims that do not involve assigned rights to benefits are not preempted by [Federal Employee Health Benefits Act] FEHBA **is persuasive** and bolsters Cedars-Sinai's position that its claims for reimbursement are not

preempted." *Cedars-Sinai Medical Center v. National League of Postmasters*, 497 F.3d 972, 980 (9th Cir. 2007) (emphasis added). Moreover, the Ninth Circuit also has cited the Fifth Circuit's decision in *Memorial Hospital* with approval. *Id.* at 978-979; *The Meadows*, 47 F.3d at 1008. In removing this case to federal court, Gardner Trucking ignored these precedents.

Here, as in *Hoag*, the Hospital's right to recover for damages under the asserted state law causes of action does not "relate to" an ERISA plan. As is clear from the face of the complaint, the Hospital does not seek benefits under the ERISA plan, but rather seeks damages under its state law causes of action for breach of implied-in-fact contract, breach of implied-in-law contract, unfair business practices (violation of business and professional code § 17200 et seq.), quantum meruit and restitution based on quasi-contract/unjust enrichment. These issues do not involve interpretation of the ERISA plan.

## IV. CONCLUSION

For the foregoing reasons, the Hospital respectfully requests the Court issue an order remanding the case to Los Angeles County Superior Court.

DATED: February 24, 2025 G&B LAW, LLP

By:____________________________

JAMES R. FELTON, ESQ.
MICHAEL J. CONWAY, ESQ.
Attorneys for Plaintiff
County of Riverside on behalf of
Riverside University Health System





G&B LAW

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16000 Ventura Boulevard, Suite 1000, Encino, California 91436.

The following document will be served or were served in the manner indicated below:

**1. NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**

**A. TO BE SERVED BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF").**

The foregoing document was served by the Court via Notice of Electronic Filing to all attorneys in this case who are registered as CM/ECF Users and have consented to electronic service, which attorneys include:

- **Michael Jason Conway** mconway@gblawllp.com,mbowes@gblawllp.com
- **Karen T. Tsui** ktsui@maynardnexsen.com, pbronstrup@maynardnexsen.com, Lisa.Smith@maynardnexsen.com
- **William B. Wahlheim , Jr** wwahlheim@maynardnexsen.com

**B. SERVED BY U.S. MAIL.**

On February 24, 2025, I served the following person(s) or entity(ies) at the last known address(es) in this case by placing a true copy of the foregoing documents enclosed in (a) sealed envelope(s) in the United State Mail, first class, postage prepaid addressed as follows:

KAREN T. TSUI
MAYNARD NEXSEN LLP
10100 Santa Monica Boulevard, Ste. 550
Los Angeles, CA 90067

WILLIAM B. WAHLHEIM, JR.
MAYNARD NEXSEN PC
1901 6th Ave. N., Suite 1700
Birmingham, AL 35203



G&B LAW

I deposited such documents in the mail located at 16000 Ventura Boulevard, Suite 1000, Encino, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2025, at Encino, California.

Matthew J. Bowes

G&B LAW