JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF RIVERSIDE, on behalf of Riverside University Health System,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTHCARE OF CALIFORNIA, INC.; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:24-CV-10793-SPG-MAR<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 19]** |

Before the Court is the Motion to Remand Case Back to Los Angeles Superior Court (ECF No. 19 ("Motion")) filed by Plaintiff County of Riverside ("Plaintiff"). Defendants Cigna Health and Life Insurance Company and Cigna Healthcare of California, Inc. (together, "Defendants") oppose the Motion. (ECF No. 26 ("Opp.")). Plaintiff filed their reply. (ECF No. 27 ("Reply")). The Court has read and considered the matters raised with respect to the Motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I. BACKGROUND

This is an action brought on behalf of Riverside University Health System ("the Hospital") seeking to recover from Defendants, which "operate health plans" or are "health insurance provider[s]," an outstanding balance of nearly $1.475 million billed by the Hospital for medical services provided to nine patients insured by Defendants. *See generally* (ECF No. 1-2 ("Tsui Decl.") ¶ 4, Ex. A ("Complaint")). Each of the nine patients received medical care in the Hospital's emergency department at some time between May 28, 2023, and February 2, 2024. (*Id.* ¶¶ 27–28). After the Hospital rendered medical services to each of the patients, the Hospital submitted claims for each patient to Defendants for reimbursement of the services provided. (*Id.* ¶ 32). Defendants then issued either partial payments or no payments at all for the services rendered. (*Id.* ¶¶ 32, 55). Plaintiff thus brought this action to recover the outstanding balance of $1.475 million, bringing one statutory cause of action under California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, *et seq.*, and four common-law causes of action for breach of implied-in-fact contract, breach of implied-in-law contract, quantum meruit, and restitution based on quasi-contract/unjust enrichment. (*Id.* ¶¶ 37–80). Plaintiff's UCL and implied-in-law causes of action are premised on Defendants' alleged violation of California's Knox-Keene Act and related administrative regulations, that Plaintiff alleges require Defendants to reimburse the Hospital "at a reasonable and customary value" for emergency medical services rendered to the patients. (*Id.* ¶¶ 55, 60).

Plaintiff filed the action in the California Superior Court for the County of Los Angeles on November 12, 2024. (*Id.*). On December 13, 2024, Defendants removed the case to federal court on the grounds that this Court has federal question jurisdiction, asserting the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempts Plaintiff's claims. *See* (ECF No. 1 ("NOR") ¶ 5). On February 24, 2025, Plaintiff challenged removal of the action by filing this Motion, arguing that its claims are not preempted by ERISA and, accordingly, this Court does not have jurisdiction. *See* (Motion).

On March 26, 2025, Defendants filed their Opposition to the Motion. *See* (Opp.). Plaintiff filed its reply on April 2, 2025. *See* (Reply).

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or where there is diversity of citizenship under 28 U.S.C. § 1332. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Complete preemption, however, is "an exception to the well-pleaded complaint rule." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020). This exception, called the "artful-pleading doctrine," allows removal where "federal law completely preempts a plaintiff's state law claim." *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) (internal quotation marks omitted). A claim purporting to be based on state law may be considered to arise under federal law where "the pre-emptive force of a statute is so extraordinary" in the relevant area of state law that it converts the state law claim "into one stating a federal claim." *Caterpillar*, 482 U.S. 393 (internal quotation marks and citation omitted).

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). And federal courts are to strictly construe the removal statute against removal jurisdiction and resolve all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

Plaintiff's Complaint states causes of action under only California law. However, Defendants assert that Plaintiff's suit falls within the exception to the well-pleaded complaint rule for causes of action that are completely preempted by ERISA. (NOR ¶ 5). Complete preemption under ERISA section 502(a) allows for removal to federal court even if no federal cause of action has been pled because it is "really a jurisdictional rather than a preemption doctrine." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (internal citation omitted).

The Supreme Court has established a two-prong test to determine whether a state law cause of action is completely preempted by ERISA under section 502(a): (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Preemption may only be found if both prongs are met. *Marin Gen. Hosp.*, 581 F.3d at 947.

Here, Plaintiff argues that, because neither prong is satisfied, ERISA does not preempt its causes of action and therefore remand of this action is warranted.[1] *See* (Motion). Because the Court finds that Defendants have not carried their burden on the second prong, it declines to address the parties' arguments on the first prong.

Defendants contend the Complaint does not rely on an independent legal duty separate from ERISA because Plaintiff's causes of action are based on conduct that would not have occurred if not for the underlying ERISA plans. (Opp. at 11). Defendants support this argument by pointing to purported assignments of ERISA plan benefits by the patients

---

[1] Plaintiff also argues that express, conflict preemption under section 514(a) of ERISA does not permit removal. (Motion at 14). However, conflict preemption "is an insufficient basis for original federal question jurisdiction under § 1331(a) and removal jurisdiction under § 1441(a)." *Marin Gen. Hosp.*, 581 F.3d at 945. Nor do Defendants base their removal of the action on conflict preemption under section 514(a). *See* (NOR ¶ 5). Accordingly, the Court declines to address Plaintiff's express, conflict preemption argument.

to the Hospital. *See* (ECF No. 32-1 ("Ley Decl.") ¶ 6, Ex. 1). Defendants argue that because Plaintiff has a right to payment under the assignments, Plaintiff's right to relief could not be independent from the underlying ERISA plans. (Opp. at 6). The existence of these assignments, however, does not change the fact that Plaintiff's Complaint does not assert a right to relief under the assignments, and instead asserts causes of action premised on the independent legal duties imposed by the Knox-Keene Act and California common law. Thus the Court agrees with Plaintiff that its causes of action "would exist whether or not an ERISA plan existed." (Motion at 13).

The Complaint asserts that Plaintiff's causes of action "are based on the Hospital's individual and property rights, in its own individual capacity and are not derivative of the contractual or other rights of Defendants' members and/or insureds." (Compl. ¶ 8). In particular, for each of the treated patients, Plaintiff alleges that "the Hospital verified the Patient's benefits for the services provided and Defendants either approved the care, failed to timely respond, failed to arrange for the [p]atient's transfer, and/or indicated that no approval was necessary." (*Id.* ¶ 29). Plaintiff asserts that, "[b]y these actions, Defendants intended to communicate to the Hospital . . . that Defendants required the Hospital to provide" care for the patients, "and that Defendants would pay for such services based on the Hospital's reasonable and customary billed charges." (*Id.*); *see also* (*id.* ¶¶ 39 (alleging that Defendants and the Hospital communicated "via telephone, facsimile and/or [Defendants'] web portal" to create an implied-in-fact contract), 53 ("[t]he Hospital confirmed that the [p]atients were eligible and insured under their health service plans and/or insurance policies" issued by Defendants to create an implied-in-law contract under California statute), 59 (Defendants' violated the UCL by violating California statutory provisions by not paying or underpaying for services rendered by the Hospital), 69 ("Defendants expressly and/or impliedly requested the Hospital to provide the Patients with the medically necessary post-stabilization health care services to the [p]atients" entitling Plaintiff to quantum meruit damages after care rendered), 76 (the Hospital's care of the patients benefitted Defendants "because the [p]atients were provided with medical care and

treatment that Defendants were obligated to provide or arrange for the [p]atients," establishing a quasi-contract or demonstrating unjust enrichment). Based on this conduct, and not the purported assignments of benefits by patients to the Hospital, the Complaint brings its UCL and breach of implied-in-law contract causes of action under the Knox-Keene Act and its associated regulations. *See* (Compl. ¶¶ 48–64). The Knox-Keene Act requires "health care service plans" to reimburse medical providers for the reasonable costs of emergency medical services. Cal. Health & Safety Code § 1371.4; *Cnty. of Santa Clara v. Superior Ct.*, 14 Cal. 5th 1034, 1044 (2023) ("[T]he Knox-Keene Act's statutory and regulatory scheme contemplates that private actions under a quantum meruit theory may be used to recoup appropriate reimbursement for services rendered."). And Plaintiff's common law causes of action are based on Plaintiff's treatment of the patients and Defendants' alleged acceptance of payment responsibility for such treatment. *See* (Compl. ¶¶ 37–47, 65–80).

Notwithstanding that the Complaint raises no claim for relief based on the purported assignment of ERISA benefits, Defendants in essence argue that because Plaintiff could have brought a cause of action premised on the assignments of ERISA benefits by its patients, it was required to do so. But it is Plaintiff's "prerogative to choose which claims to pursue." *Emsurgcare v. UnitedHealthcare Ins. Co.*, 736 F. Supp. 3d 808, 816 (C.D. Cal. 2024); *see Marin Gen. Hosp.*, 581 F.3d at 949 (rejecting that, because the hospital "could have brought a suit under § 502(a)(1)(B) for payments owed to the patient by virtue of the terms of the ERISA plan, this is the *only* suit the Hospital could bring"). Moreover, by asserting Plaintiff's causes of action are "not derivative of the contractual or other rights of Defendants' members and/or insureds" (Compl. ¶ 8), the Complaint "explicitly disavows any claim based on the patient[s'] rights to benefits under [the ERISA] plan[s]," *Comty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*, 2015 WL 138197, at *2 (N.D. Cal. Jan. 9, 2015).

Defendants additionally argue that, because the Knox-Keene Act and its associated regulations "expressly require a connection to the ERISA plans for there to be any

obligations to reimburse pursuant to the statutes," any cause of action premised on the Knox-Keene Act is preempted by ERISA. (Opp. at 13). Defendants similarly argue that Plaintiff's common law causes of action are preempted because they are premised on Defendants' "conduct" of administering the ERISA plans, such as verification of benefits, prior approvals, and arranging transfers. *See* (Opp. at 11–12). Even if the Knox-Keene Act and Defendants' conduct have some connection to ERISA plans, this does not preclude Plaintiff from asserting its right to relief under the Knox-Keene Act and California common law, as opposed to under the underlying ERISA plans. *See Comty Hosp.*, 2015 WL 138197, at *3 (hospital's claim asserts an independent legal duty when it "depend[s] on the interpretation of state law," not an "interpretation of any ERISA plans administered by defendants"); *California ex rel. Herrera v. Blue Cross of Cal., Inc.*, 2011 WL 4723758, at *5 (N.D. Cal. Oct. 7, 2011) (state law claims "do not in any way involve the interpretation of any ERISA plan administered by defendants").

The cases cited by Defendants do not support a different result. For example, *Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005), was brought by a participant and beneficiary of an ERISA plan to recoup costs incurred for an emergency room visit after his insurance company denied coverage for his reimbursement claim. *See id.* at 1224. Cleghorn, as a plan participant and in contrast to Plaintiff here, was only entitled to reimbursement "because of Blue Shield's administration of ERISA-regulated benefit plans." *Id.* at 1226; *see also Leonard v. MetLife Ins. Co.*, 2013 WL 12210177, at *1 (C.D. Cal. Feb. 25, 2013) (plan participant seeking to recoup costs after being denied long term disability benefits). In *Lodi Memorial Hospital Assocation v. Tiger Lines, LLC*, 2015 WL 5009093 (E.D. Cal. Aug. 20, 2015), defendant was a self-insured medical plan that sought to defeat a remand motion and dismiss a complaint brought by a hospital seeking additional payment for medical services provided to patients. *Id.* at *1. Unlike the Complaint here, the hospital's complaint did not raise the right to an independent legal duty for payment under the Knox-Keene Act and did not "identif[y] [an] independent contract, agreement or obligation apart from the obligations under the plan agreement itself" under

which it sought relief. *Id.* at *5, 6. Similarly, in *Samaan v. Anthem Blue Cross Life & Health Ins. Co.*, 2021 WL 2792307, (C.D. Cal. Mar. 10, 2021), Plaintiff did not allege that "any negotiations took place between himself and Defendant which could give rise to legal duties independent of ERISA." *Id.* at *4. The same is true for *In re WellPoint, Inc. Out-of-Network UCR Rates Litigation*, 903 F. Supp. 2d 880 (C.D. Cal. 2012), where the Complaint did not allege that a hospital provider "sought and received confirmation" from an insurance company representative that "services would be covered." *Id.* at 930.

Accordingly, because the Complaint does not assert a right to relief as an assignee of benefits under ERISA § 502(a), and instead asserts a right to relief under the independent legal duties supplied by the Knox-Keene Act and California common law, Defendants thus have not carried their burden to demonstrate that Plaintiff's Complaint is completely preempted. As such, Defendants have not shown that federal question jurisdiction exists.

## IV.  CONCLUSION

For all the foregoing reasons, the Court GRANTS the Motion and REMANDS this action to Los Angeles County Superior Court. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

DATED: June 13, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE